# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| STUARD T. SHIPLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13CV00038 SNLJ |
| | ) | |
| IRON COUNTY, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review of plaintiff's amended complaint under 28 U.S.C. § 1915(e).

**Standard**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts

to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Plaintiff brings this action under 42 U.S.C. § 1983 for deliberate indifference to his medical needs. Named as defendants are James May, Chief Deputy for the Sheriff's Department of Iron County; Bessi Lynn Nash, Head Jailer, Iron County Jail; Don Barzewski, Presiding Commissioner, Iron County; Bradford Johnson, Iron County Board of Commissioners; Dustin Walker, Iron County Board of Commissioners, and Virginia Queen, Clerk of the County Commission.

Plaintiff alleges that he has a history of heart problems and extensive heart surgery. He has two artificial heart valves, and he has to take Coumadin, a blood thinner, on a daily basis, to prevent blood clots from forming on the valves. This is a life-sustaining medication, for the formation of blood clots is potentially life-threatening.

Plaintiff asserts that he was booked into custody at the Iron County Jail (the "Jail) on March 4, 2010. Plaintiff claims he told defendant Nash on his arrival of his medical history and need for daily Coumadin as a life-saving drug. Plaintiff was in custody at the Jail until March 14, 2010, when he was released to the Madison

County Sheriff's Department. Plaintiff alleges that during his ten day stay at the Jail, he was not given any Coumadin.

Plaintiff avers that he was taken back into custody by Iron County on March 18, 2010. Plaintiff says that on March 19, 2010, he again told defendant Nash that he needed Coumadin or that he could develop a heart attack or stroke. Plaintiff claims that Nash told him she could not authorize the drug but would ask defendant Mays to authorize it as soon as she could.

Plaintiff alleges that he never received any Coumadin. Plaintiff maintains that whenever he tried to talk to Nash about it she would ignore him.

Plaintiff says that the other defendants were negligent in the manner they supervised Nash or the Iron County Jail.

When plaintiff left the Jail, he immediately sought medical attention. His INR blood levels were low and required two days of therapy in the hospital before his blood levels were at a level where he could be released.

## Discussion

The Court finds that the allegations in the amended complaint state a plausible cause of action against Nash in her individual capacity for deliberate indifference to plaintiff's serious medical needs. As a result, the Court will direct the Clerk to issue process on Nash.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, plaintiff's official-capacity claims will be dismissed.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants James Mays, Don Barzewski, Bradford Johnson, Dustin Walker, or Virginia Queen were directly involved in or personally responsible for the alleged

violations of his constitutional rights. Plaintiff has not alleged any facts demonstrating that they actually knew of his need for Coumadin. And plaintiff's allegations that they were negligent or "turned a blind eye to" the problems at the Jail do not rise to the level of a constitutional violation. As a result, the Court will dismiss these defendants from the complaint without prejudice.

Plaintiff did not include defendants Iron County, Missouri, or the Iron County Sheriff's Department in the amended complaint. Consequently, the Court will direct the Clerk to dismiss these parties as well.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Bessi Lynn Nash.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Nash shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants James Mays, Don Barzewski,

Bradford Johnson, Dustin Walker, or Virginia Queen because, as to these defendants, the complaint fails to state a claim upon which relief can be granted.

An Order of Partial Dismissal will be filed with this Memorandum and Order.

Dated this <u>3rd</u> day of May, 2013.

                                              STEPHEN N. LIMBAUGH, JR.
                                              UNITED STATES DISTRICT JUDGE